## Case No. 4,173.

In re DUNN et al.

[9 N. B. R. 487.][1]

Circuit Court, S. D. New York. May, 1874.

WOODRUFF, Circuit Judge. A petition has been filed in the district court for the northern district of Ohio, by creditors of R. A. De Forrest et al., charging acts of bankruptcy. The debtors deny the commission of such acts; a trial has been had and a verdict of the jury rendered in favor of the debtors. Such verdict has been set aside and the proceedings continued with a view to another trial. The petitioning creditor, Wild, now seeks to procure testimony. He has applied to a commissioner and given notice of the intention to take the testimony of Dunn and others, (respondents in this application,) de bene esse under the act of 1789. § 30 (1 Stat. 88), and the subsequent act of 1817, conferring power to take testimony on commissioners of the circuit court (3 Stat. 350), and of 1872 (17 Stat. 89), and to that end subpoenas were issued and served on the proposed witnesses. They did not attend in obedience to the subpoena, and this court is now moved to grant an attachment against them for their disobedience. Ex parte Humphrey [Case No. 6,867]; Ex parte Judson [Id. 7,561].

While on the one hand I am of opinion that, had the act to establish a uniform system of bankruptcy been silent upon the subject, proceedings under that statute must

have been deemed a civil cause pending in a court of the United States within the meaning of section 30 of the act of 1789, yet, on the other hand, I am decidedly of opinion that such proceedings have, by the bankrupt act, been regulated with such minute detail as a statutory proceeding, that, as to matters which are the subject of specific regulation, its provisions must be held exclusive. Section 38 of the bankrupt act, in terms, declares how evidence may be taken to be used in "any of the proceedings" under the act. And to meet the precise case of the creditor now applying to this court, it authorizes the taking of testimony on commission. By that means these witnesses may be examined. I think that provision excludes the taking of testimony on mere notice as provided in the act of 1789, and that it was so intended. The applicant should resort to a commission. Motion denied.